Miscellaneous Docket No. 25-123

IN THE
# United States Court of Appeals for the Federal Circuit

IN RE QUALCOMM INC.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:21-cv-00346-ADA, Hon. Alan D Albright

## APPLE INC.'S MOTION FOR JOINDER IN QUALCOMM INC.'S PETITION FOR WRIT OF MANDAMUS

Mark Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 339-8400

*Counsel for Petitioner Apple Inc.*

# INTRODUCTION AND RELIEF SOUGHT

Apple respectfully moves for leave to join in the petition for a writ of mandamus filed by Qualcomm Inc.  Apple and Qualcomm are both defendants in the underlying litigation brought by Red Rock Analytics, LLC.  Before the district court, Apple and Qualcomm moved jointly for transfer of venue pursuant to 28 U.S.C. § 1404(a) and filed a single set of briefs supporting that joint motion.  *See* Appx43; Appx45-47; Appx92-113; Appx1118-1165.  The district court's order denying transfer applied equally to both Apple and Qualcomm.  Appx26-27.  And Qualcomm's petition seeks a writ of mandamus vacating that order and directing that the entire underlying case be transferred to the Northern District of California.  Pet. 1.

That relief, if granted, would necessarily apply to Apple as a co-defendant in the case.  Apple accordingly seeks leave to participate in this mandamus proceeding along with its co-defendant Qualcomm.  This Court has previously, in similar circumstances, permitted joinder of co-defendants with a shared interest in a mandamus petition.  *See, e.g.*, *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).  Pursuant to Federal Circuit Rule 27(a)(2), Apple states that it has discussed this

1

motion with the other parties.  Qualcomm stated it does not oppose the motion.  As of this filing, Red Rock has not provided its position on Apple's motion.

Apple agrees with Qualcomm that the district court's denial of transfer amounts to a clear abuse of discretion warranting mandamus relief.  To avoid duplicative briefing, Apple's argument below highlights the existing grounds from Qualcomm's petition that Apple believes justify this Court's use of the extraordinary writ.  For these reasons and those set forth more fully in Qualcomm's petition, Apple respectfully requests that the Court grant the petition, vacate the district court's decision to deny the transfer motion, and remand the case with instructions to transfer this action to the United States District Court for the Northern District of California.

## BACKGROUND

Apple incorporates the facts set out in Qualcomm's petition.  *See* Pet. 3-12.  In brief, Red Rock is a Florida corporation with no ties to the Western District of Texas.  Appx100; Appx49; *see* Appx9.  Its only employee, John Cafarella, resides in Florida; Mr. Cafarella is the sole

named inventor of the asserted patent, U.S. Patent No. 7,346,313.
Appx100.

In April 2021, Red Rock sued Apple and Qualcomm in the Waco
Division of the Western District of Texas.  Appx34.  Red Rock accused a
particular feature in Qualcomm's wireless transceivers—"I-Q gain
imbalance calibration"—of infringing the '313 patent.  It therefore
alleged infringement by (1) Qualcomm's Wi-Fi 6 and 5G wireless
transceivers and (2) Apple products incorporating certain Qualcomm 5G
wireless transceivers.  Appx54; Appx60; *see* Appx34.

Because this case lacks any connection to the Western District of
Texas, in August 2021, Apple and Qualcomm jointly moved to transfer
the case to the Northern District of California.  Appx92-113.  Briefing
on the transfer motion was completed in April 2022.  Appx43.  In June
2022, shortly before the scheduled *Markman* hearing, the district court
stayed all proceedings pending its resolution of the motion to transfer.
*See* Appx44.

On February 12, 2025—three and a half years after Apple and
Qualcomm filed their transfer motion—the district court issued an
order denying transfer.  Appx2-27.  The district court found each of the

private- and public-interest factors neutral except two: it weighed the compulsory-process factor against transfer and the sources-of-proof factor slightly against transfer.  Pet. 10-12.

As to witness convenience, the district court found the location of Red Rock's two witnesses—Mr. Cafarella in Florida and a consultant in San Diego—to be "a net neutral."  Appx12-13.  With respect to defendants, the district court deemed it "clear from the briefing" that "there are members of both Apple's and Qualcomm's teams with relevant knowledge in both proposed venues."  Appx13.  In making this finding, the district court did not identify which witnesses in Texas it believed to be relevant or address defendants' showing, backed by sworn testimony, that these witnesses lacked relevant knowledge.  Appx7-13; *see* Pet. 10-11.  The district court acknowledged that defendants had identified "several NDCA witnesses … with specialized knowledge that witnesses found in WDTX do not seem to possess."  Appx13.  But it discounted the inconvenience those witnesses would experience from a Texas trial, reasoning that they could "conduct work" at Apple's and Qualcomm's Austin facilities, "which could help to mitigate interruptions to their workflow."  Appx11.  The district court also

4

discounted the "time away from family" these witnesses would suffer, citing "common sense." Appx11-12. According to the district court, "[a] major corporation intending to call a witness for a patent trial is likely to have taken that witness away from their family for several days to ready them for trial" no matter *where* it takes place; this "reality," the district court reasoned, reduced the inconvenience of requiring witnesses to travel from California to Texas for trial. Appx12. The district court found this factor neutral overall.

In weighing the sources-of-proof factor against transfer, the district court discounted defendants' showing that certain relevant evidence, including some of Apple's financial documents, were accessible only by employees in the Northern District of California. Appx13-16; *see* Appx576-579; Appx581-582; Appx628-629. It instead credited Red Rock's showing that Samsung Austin Semiconductor (SAS), which manufactures silicon wafers, has documents that the court found "are likely to be of some limited importance," leading it to conclude that the sources-of-proof factor "disfavors transfer." Appx15-16.

In weighing the compulsory-process factor against transfer, the district court reasoned that it is "unlikely" that "any" prior art inventors Apple and Qualcomm identified "will testify," but credited Red Rock's identification of "at least one" witness from SAS as "likely" to "be called to testify." Appx18. And, in addressing the local-interest factor, the district court recognized that Apple's "engineering groups responsible for integrating Qualcomm's transceivers into Apple products" are in the Northern District of California and that Qualcomm's research, design, and development of the accused products also took place in the Northern District of California or in San Diego. Appx24-25. It nevertheless found the factor neutral because it reasoned that "[p]ast and present research related to the Accused Products" is performed in both forums. Appx24.

Apple and Qualcomm also moved to strike two expert declarations Red Rock submitted from Roy Weinstein (an economist) and Ron Murias (an engineer who has previously served as a technical expert for Red Rock, *see* Appx162). These declarations did not provide opinions about economic or technical matters, but instead offered assessments of the *Volkswagen II* transfer factors. *See* Appx1126-1132. In declining to

strike those declarations, the district court "acknowledge[d]" the "concerns regarding legal arguments by non-lawyers and any potential use of unreliable methods of gathering data," but said such concerns were "not as pressing," "as it is the Court itself reviewing the declarations." Appx25. Although the district court left open the possibility of a "later challenge" to the declarations, Appx25, it did not explain how such a challenge would be possible; Red Rock's expert declarations addressed only the § 1404(a) transfer factors, and the district court's present order resolved the application of those factors to this case.

## ARGUMENT

Apple agrees with the recitation of the mandamus standard set out in Qualcomm's petition (at 12). Apple further agrees with Qualcomm that this standard is met here. As demonstrated in Qualcomm's petition, and particularly for the reasons highlighted below, the district court's denial of transfer reflected a "clear abuse of discretion" leading to "a patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). Mandamus is warranted.

**Witness convenience.**

A district court abuses its discretion when it relies on an "erroneous conclusion[] of law." *In re Apple Inc.*, 979 F.3d 1332, 1346 (Fed. Cir. 2020); *accord Volkswagen II*, 545 F.3d at 310. In finding the crucial witness-convenience factor neutral, the district court relied on two such legal errors.

First, the district court erred in discounting the inconvenience that the admittedly necessary witnesses in Northern California would experience by attending a trial in the Western District of Texas. *See* Pet. 17-26 (Qualcomm addressing this issue). The district court opined (without a record basis) that these witnesses could perform their usual work from Apple's and Qualcomm's facilities in Austin, which would "mitigate interruptions in workflow and reduce the cost of attendance." Appx11. Even if there had been a factual basis for this speculation, the law does not permit the conclusion the district court reached.[1]

---

[1] The district court identified no record evidence for concluding that *any* witness identified by Qualcomm and Apple—let alone *every* one—could work remotely. *See* Pet. 22. Its categorical approach does not consider what a witness does for work and whether it is feasible to perform that work at a particular remote office.

Being able to work from a facility owned by one's employer does nothing to mitigate the "additional travel time," "meal and lodging expenses," or "home responsibilities" that Fifth Circuit precedent deems significant. *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("*Volkswagen I*"). It does nothing to mitigate the "personal costs associated with being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317. And it does not undo the difficulties with being away from one's "regular employment." *Volkswagen I*, 371 F.3d at 205. Nowhere has the Fifth Circuit suggested that it does, and this Court has rejected such a notion. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317-19 (Fed. Cir. 2021) (holding district court "clearly erred" in discounting inconvenience to party witnesses, including on the basis that they could "work from [the party's] offices" during trial).

The only authority the district court cited for its flawed legal proposition in fact undermines it. *See* Appx11 (citing *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021)). In *Google*, this Court held that the district court had erred by discounting the convenience of party witnesses—there, based specifically on the "party's ability to compel the testimony of its employees." 2021 WL

4427899, at *4.  While the employer's cooperation might "'diminish certain aspects of inconvenience to the employee witness,'" it did not eliminate the inconvenience of "requiring the employee to travel," which must be considered in the analysis.  *Id.* (quoting *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021)).  Here too, while Apple's and Qualcomm's Austin facilities might diminish some inconvenience to California-based employee witnesses (assuming those employees can perform their work duties at these remote facilities), it does not eliminate the inconvenience of requiring them to travel halfway across the country and be away from their homes and ordinary places of employment.  Indeed, in *Google*, this Court acknowledged that the party seeking transfer had "a large campus in Austin, Texas."  2021 WL 4427899, at *1.  But it still held that the district court "abused its discretion" in giving insufficient weight to the convenience of that party's California-based witnesses.  *Id.* at *5.

In short, as with prior decisions that this Court has found to warrant mandamus, "[t]he district court's analysis discounting the inconvenience to [defendants'] witnesses is fundamentally at odds with

the purpose of a transfer for convenience of the witnesses." *Hulu*, 2021 WL 3278194, at *5.

It is also fundamentally at odds with the transfer statute itself. By holding that a party's presence within the transferor forum negates any inconvenience to that party's witnesses, the district court "improperly conflate[d] the requirements for establishing venue under 28 U.S.C. § 1400(b) and the requirements for establishing transfer under § 1404(a)." *Apple*, 979 F.3d at 1346. As Qualcomm notes (Pet. 22-23), any non-foreign defendant must have a "physical place" that is a "regular and established place of business" in order to establish venue in a given forum. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). But the "entire premise of a § 1404(a) transfer motion is that a case, *although brought in a proper venue*, should nevertheless be transferred for the convenience of the parties." *Apple*, 979 F.3d at 1346. By assuming away any inconvenience for party witnesses based on the party's physical facilities in the plaintiff's chosen forum, the district court ignored this important difference between a venue that is proper and a venue that is convenient.

Second, the district court further erred by suggesting that witness convenience should not be weighed heavily in the § 1404(a) analysis at all. *See* Pet. 23-24. The district court again invoked "common sense" in response to Apple's and Qualcomm's reliance on the Fifth Circuit precedent cited above, which requires consideration of witnesses' time away from home and family as a form of inconvenience. Appx11-12. According to the district court, "there will be some baseline cost to any witness that may be called to trial," even if that trial takes place "closer to home." Appx12. The district court seems to have used this rationale to discount witness convenience entirely, on the theory that all trial is inconvenient for witnesses no matter where it takes place.

Far from solving the legal problem created by the district court's first error, this reasoning compounds it. To begin with, it contradicts the governing statute, which requires courts faced with a transfer motion to consider "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The district court elevated what it considered to be "common sense" over the text of the statute. That is a clear abuse of discretion. *See, e.g.*, *EMC*, 677 F.3d at 1355 (a district court's

"discretion must be exercised within the boundaries set by relevant statutes and precedent" (citing *Volkswagen II*, 545 F.3d at 310)).

The district court's reasoning also violates the binding Fifth Circuit precedent cited above, which recognizes the "'obvious conclusion' that it is more convenient for witnesses to testify at home." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 205). And it is at odds with the Fifth Circuit's well-established 100-mile rule, which requires district courts to recognize the clear inconvenience witnesses endure when they must travel more than 100 miles to attend trial. *See, e.g.*, *In re TikTok, Inc.*, 85 F.4th 352, 361-62 (5th Cir. 2023) (holding district court "committed a clear abuse of discretion" in violating this rule). Particularly here, when undisputedly relevant witnesses would need to travel "over one thousand additional miles to testify," the Fifth Circuit has instructed that the "massive inconvenience" should be "plain." *In re Clarke*, 94 F.4th 502, 514 (5th Cir. 2024); *see* Appx107.

The district court is undoubtedly correct that witnesses experience some inconvenience to participate in any trial, even one close to home. But "the transfer factors are *relative*." *Clarke*, 94 F.4th at 510; *accord, e.g.*, *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021)

(faulting district court for "assign[ing] too little weight to the relative convenience of the Northern District of California"). And this Court has said that the "relative convenience" of witnesses "is 'probably the single most important factor in transfer analysis.'" *Juniper Networks*, 14 F.4th at 1318 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). A district court cannot ignore or discount the "immense inconvenience that the majority of relevant witnesses would face" if a case is maintained in the transferor forum. *TikTok*, 85 F.4th at 361.

The district court's legal errors, if left to stand, will result in the kind of immense inconvenience that § 1404(a) is meant to prevent. As Qualcomm has demonstrated, the district court (1) acknowledged "several" witnesses in Northern California who have "specialized knowledge" relevant to this case and (2) identified no basis for concluding that any Texas-based witnesses have relevant knowledge, particularly in the face of extensive sworn testimony demonstrating the contrary. *See* Pet. 10-11, 17-20. The district court was able to deem this factor neutral only by committing the clear legal errors described above and in Qualcomm's petition. Mandamus is necessary for this reason alone. *See Juniper Networks*, 14 F.4th at 1318-19, 1323

14

(granting petition and directing transfer, noting "the striking imbalance in the parties' respective presentations" on witness convenience).[2]

**Sources of proof.**

As Qualcomm has shown, Apple's and Qualcomm's documents relevant to the research, development, testing, and integration of the accused functionality are located in—and some are accessible only in—the Northern District of California.  Pet. 26-30; *see Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," and therefore the location of the defendant's documentation "weighs in favor of transfer to that location." (citation omitted)).

In weighing the factor against transfer, the district court pointed to documents from SAS, a third-party manufacturer of silicon wafers that are allegedly incorporated into the accused technology.  *See* Pet.

---

[2] This is not the first time the district court has invoked its flawed approach in denying transfer. *See, e.g.*, Dkt. 57 at 6-8, *Proxense LLC v. Apple Inc.*, No. 6:24-cv-00143-ADA (W.D. Tex. Jan. 8, 2025) (discounting convenience of relevant California-based witnesses because "Apple does possess a campus in Austin," and doubting that "the discrepancy" of the two forums in convenience "is so great," pointing to "common sense"). The district court's repeated error further warrants mandamus intervention.

28-29.  According to the district court's own characterization, however, documents from SAS would be of "small … relevance."  Appx16.  By crediting these documents of limited relevance over Apple's and Qualcomm's showing of highly relevant evidence in California, the district court clearly erred.  *See Volkswagen II*, 545 F.3d at 316 (holding that the factor looks to the "*relative* ease of access to sources of proof" (emphasis added)); *TikTok*, 85 F.4th at 359 (holding that the factor weighs in favor of transfer where the evidence "is not 'equally accessible in either forum'" (quoting *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)); Pet. 29-30.

**Compulsory process.**

This factor looks to the "availability of compulsory process to secure the attendance of witnesses."  *Volkswagen II*, 545 F.3d at 316.  Here, Apple and Qualcomm identified inventors and authors of prior-art references with relevant knowledge within subpoena range in the Northern District of California.  Appx105-106.  Red Rock pointed to potential SAS witnesses in Austin.  Appx18.

The district court found that the compulsory-process factor disfavored transfer by categorically discounting prior-art witnesses.  It

reasoned that, "[d]espite what the Defendants have represented, it is abundantly clear in this Court's experience that the authors of alleged prior art are unlikely to be utilized." Appx18. It then counted "at least one witness from SAS" to weigh the compulsory-process factor against transfer. Appx18.

As Qualcomm's petition demonstrates (at 30-32), the district court's treatment of the prior-art witnesses was contrary to law. This Court has repeatedly "rejected [a] district court's categorical assumption that defendants are likely to call few if any of the proposed party witnesses or prior-art witnesses that are identified for purposes of supporting transfer motions." *Juniper Networks*, 14 F.4th at 1319 (collecting authorities); *see also Samsung*, 2 F.4th at 1379 (holding that the district court "erroneously discounted the convenience of third-party witnesses by presuming that 'only a few ... non-party witnesses will likely testify at trial'"). By categorically assuming that Apple and Qualcomm's identified prior-art witnesses would not be called to testify, the district court contravened this precedent, clearly abusing its discretion. Under a proper analysis, even assuming that a single SAS witness in Texas would be relevant (*but see* Pet. 31), this factor favors

transfer.  *See In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) ("This factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." (quoting *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)).

**Local interest.**

As Qualcomm demonstrates (Pet. 32-33), the district court treated the local-interest factor as neutral by crediting speculation regarding the "current development" of "hardware features in Austin."  Appx24-25.  But that hardware development is, at most, of limited relevance compared to Qualcomm's development and Apple's integration of the accused features in California, *see* Pet. 7, 32-33.  This Court has held that a district court "misapplie[s] the law" when it assigns weight to events of limited relevance in the transferor forum, "above and beyond" the more significant "relevant employees and activity" that gave rise to the suit in the transferee forum, without "provid[ing] any reason" to do so.  *Apple*, 979 F.3d at 1345-46 (faulting district court for finding this factor neutral).  That is precisely what happened here.  Because "most, even if not all, of the underlying research, design, and development of

the accused products centered on activity within the transferee venue,"

*Juniper Networks*, 14 F.4th at 1319-20, the factor favors transfer.

## CONCLUSION

The Court should grant Apple's motion for joinder, grant the

petition for a writ of mandamus, vacate the district court's denial of

transfer, and direct the district court to transfer this case to the

Northern District of California.

March 24, 2025

Mark Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306

Respectfully submitted,

*/s/ Melanie L. Bostwick*

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 339-8400

*Counsel for Petitioner Apple Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

|  |  |
|---|---|
| **Case Number** | 25-123 |
| **Short Case Caption** | In re Qualcomm Incorporated |
| **Filing Party/Entity** | Apple Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/24/2025

Signature:  /s/ Melanie L. Bostwick

Name:  Melanie L. Bostwick

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

---

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable                ☑    Additional pages attached

| See attached | | |
|---|---|---|
| | | |
| | | |

---

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)    ☑   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                ☐    Additional pages attached

| | | |
|---|---|---|
| | | |

# Attachment

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Orrick, Herrington & Sutcliffe LLP: Jeffrey T. Quilici

Wilmer Cutler Pickering Hale and Dorr LLP: Joseph F. Haag, Henry M. Nikogosyan, Joseph J. Mueller, Monica Grewal, Annaleigh E. Curtis, Madeleine C. Laupheimer, Anh-Khoa Tran, S. Dennis Wang

Scott, Douglass & McConnico, L.L.P.: Steven J. Wingard, Stephen L. Burbank, Robert P. Earle

Kelly Hart & Hallman LLP: J. Stephen Ravel, Kelly Ransom

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). The motion is printed in Century Schoolbook 14-point font, and it contains 3477 words, excluding the items listed in Federal Rule of Appellate Procedure 27(a)(2)(B).

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner Apple Inc.*