Miscellaneous Docket No. 25-123

IN THE
# United States Court of Appeals for the Federal Circuit

IN RE QUALCOMM INCORPORATED,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:21-cv-00346-ADA, Hon. Alan D Albright

## QUALCOMM INC. AND APPLE INC.'S JOINT REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Michael Hawes
BAKER BOTTS L.L.P.
910 Louisiana St
Houston, TX 77002
(713) 229-1234

Douglas Kubehl
Nolan McQueen
BAKER BOTTS L.L.P.
2001 Ross Ave., Suite 900
Dallas, TX 75201

*Counsel for Petitioner*
*Qualcomm Incorporated*

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 339-8400

Mark Selwyn
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306

*Counsel for Movant Apple Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ii

INTRODUCTION .......................................................................... 1

ARGUMENT ............................................................................... 3

    I.    The District Court Clearly Abused Its Discretion In Finding The Witness-Convenience Factor Neutral ............... 3

        A.    RRA mischaracterizes the district court's findings ....... 3

        B.    The district court committed clear errors of law .......... 6

        C.    The district court's findings are clearly erroneous ...... 10

    II.    The District Court Clearly Abused Its Discretion In Assessing Sources of Proof. ................................................... 13

    III.    The District Court Clearly Abused Its Discretion In Weighing Compulsory Process Against Transfer. ................ 18

    IV.    The District Court Clearly Erred In Treating Local Interest Neutral. ................................................................. 19

    V.    RRA's Invocation of Court Congestion Is Meritless. ........... 20

    VI.    RRA's Declarations Are Not Record Evidence. .................... 21

CONCLUSION ........................................................................... 22

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ...................................................... 9, 15

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) .............................................................. 21

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) .................................................... 13, 19

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ......................................................... 13

*In re Google LLC*,
No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ............... 8

*In re Hulu, LLC*,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ................. 18

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021).......................................... 8, 18, 19, 20

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) ......................................................................... 21

*In re Netflix, Inc.*,
No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ................. 16

*In re Overhead Door Corp.*,
No. 2022-100, 2021 WL 5816634 (Fed. Cir. Dec. 7, 2021) ................ 13

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)............................................................................ 2

*In re Samsung Elecs. Co.*,
2 F.4th (Fed. Cir. 2021) ................................................................... 18

*In re TikTok, Inc.,*
    85 F.4th 352 (5th Cir. 2023) .................................. 9, 10, 13, 15, 17, 21

*In re Trend Micro Inc.,*
    No. 2022-133, 2022 WL 1485183 (Fed. Cir. May 11, 2022) ................. 8

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) ......................................... 2, 3, 11, 14, 17

## Statutes

28 U.S.C. § 1404(a) ......................................................... 1, 2, 10

## Rules and Regulations

Fed. Cir. R. 40(a)(4) ....................................................... 8

Fed. R. Evid. 702 .......................................................... 21

## INTRODUCTION

This case is exactly the sort of dispute for which the venue-transfer statute was intended. A Florida-based plaintiff filed suit in Texas against two California-based defendants, accusing technology designed and developed in California. Even the district court acknowledged that several specific key witnesses in Northern California have specialized knowledge about that accused technology that individuals in the Western District of Texas lack. The "convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), would all be served by transfer to the Northern District of California.

The district court's decision fails to adhere to the statute and binding precedent. It improperly discounted the inconvenience to the key California witnesses of a Waco trial, reasoning that they could work from their employers' offices in Austin and that, in any event, *any* trial is inconvenient for witnesses, no matter where it happens. That rationale not only contradicts governing Fifth Circuit law, it also reads words out of § 1404(a) and conflates venue that is *proper* with venue that is *convenient*. Similarly, by imposing unwarranted burdens on transfer movants, the district court misapplied governing law and

contradicted Supreme Court precedent, which describes § 1404(a) as providing "relaxed standards" allowing for "easy change of venue." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (faulting district court for imposing unduly heavy burden).

RRA does not show otherwise.  Indeed, despite urging deference to the district court, RRA largely does not defend its reasoning, instead re-arguing points that the district court rejected, such as witness-credibility challenges and reliance on an unaccused product.  RRA repeatedly accuses defendants of "gerrymandering," simply for focusing on the witnesses whom the district court found most relevant. Meanwhile RRA relied on venue "experts" who merely endorsed RRA's speculation.

This should have been a straightforward case for transfer. Despite RRA's attempts to complicate the record, it is also a straightforward case for mandamus if one compares the district court's reasoning to the governing law.

## ARGUMENT

I.   **The District Court Clearly Abused Its Discretion In Finding The Witness-Convenience Factor Neutral.**

### A. RRA mischaracterizes the district court's findings.

Instead of addressing the district court's transfer order, RRA relitigates the transfer motion itself.  Much of RRA's mandamus opposition relies on factual contentions that it made in opposing transfer, but which the district court did not adopt.  These contentions are irrelevant to mandamus review, which focuses on the reasoning the district court actually employed.  *Cf. Volkswagen II*, 545 F.3d at 312 ("[I]n no case will we replace a district court's exercise of discretion with our own.").

For example, RRA asserts that the district court "discussed" a sizable Apple team in Austin that "designed a new Apple 5G chip that is part of the infringing products."  Opp. 7 (quoting Appx9).  But the district court did not adopt RRA's assertion regarding a "new Apple 5G chip"; it only summarized RRA's contention.  Appx9-10.  Contrary to RRA's assertion (Opp. 9), the district court did not "resolve[]" any

3

dispute about the existence of a "new Apple 5G chip" "in RRA's favor." *See* Pet. 7, 20.[1]

RRA, however, relies on these uncredited assertions to set forth a laundry list of supposed activities of five Apple employees in Austin, Opp. 7-8, including an employee whom the district court never mentions in its order, Opp. 8, and who testified to his lack of relevant knowledge, *see* Pet. 8. None of these witnesses are relevant, for the simple reason that Apple's 5G chip is not part of this case.[2]

Similarly, RRA relies on deference for credibility judgments. Opp. 19-20. But the district court expressly declined to adopt RRA's unfounded criticisms (Opp. 15-19) of the declarants' credibility, Appx26, so that too cannot be a basis to uphold the district court's order.

RRA further contends there are "thousands" of potentially relevant employees in the Western District of Texas, Opp. 31, but ignores the district court's admonition that the transfer "analysis

---

[1] RRA's preliminary infringement contentions for Apple confirm that only *Qualcomm* 5G wireless transceivers were accused. Appx3564-3565; *see* Appx4881 (RRA representing its "lawsuit is solely focused on Qualcomm chips"); Appx4890 (RRA representing that Apple's accused 5G transceivers "are made exclusively by Qualcomm").

[2] In fact, the district court denied venue discovery into Apple's 5G chip in development. Appx1142; Appx4904.

4

should not consist of stacking the scale with as many potentially frivolous witnesses as is possible." Appx10. RRA's remaining arguments relitigating the relevance of various witnesses likewise finds no support in the district court's order. *Compare* Opp. 10-15 *with* Appx10-13.

RRA leaves the district court's actual analysis undefended. The district court credited "several" potential witnesses RRA identified with knowledge of the "claimed hardware," Appx10, seemingly counting a handful of unspecified individuals from Qualcomm's digital signal processor (DSP) team in Austin, *see* Appx9-10 (citing Appx153). It also credited the specific key technical witnesses Qualcomm and Apple pointed to "with a greater amount of knowledge related to the Accused Product's I-Q calibration" as weighing in favor of transfer. Appx10; *see* Appx97-99. It agreed that "several NDCA witnesses [who were specifically identified]—particularly for algorithms relating to calibration of I-Q imbalance—[have] specialized knowledge that witnesses found in WDTX do not." Appx13; *see* Pet. 3-5, 15, 18-19. It cryptically stated that "both venues contain witnesses with specialized knowledge," without identifying any Texas witnesses who met that

5

description.  Appx13.  And it credited RRA's sole Florida employee and San Diego consultant, deeming them a "net neutral."  Appx12-13.

In sum, the district court credited defendants' specifically identified, relevant technical witnesses in the Northern District of California while crediting certain unspecified and irrelevant witnesses in Texas.  Those are the findings this Court must review—not RRA's many irrelevant arguments.

### B. The district court committed clear errors of law.

Continuing its strategy of ignoring the district court's reasoning, RRA says little about the two key legal errors that infected that reasoning.  The district court found the witness-convenience factor neutral only by (1) improperly minimizing the inconvenience to out-of-town witnesses on the theory that they could work remotely from their employers' Austin campuses during a trial a hundred miles away in Waco and (2) improperly minimizing this factor's importance by reasoning that any trial is inconvenient for witnesses, no matter how close they are to the forum.  Pet. 20-24; Mot. 8-15.  RRA's response casts these legal errors as a "sideshow" (Opp. 1) because it cannot defend them on the merits.

RRA first claims the district court's reliance on these legal errors "did not affect the neutral outcome of this factor." Opp. 23; *see* Opp. 28-29. The record shows otherwise: the district court devoted nearly half of its three-page analysis on this factor to these considerations, which it deemed "common sense." Appx10-13. Furthermore, given the district court's recognition of key witnesses with specialized technical knowledge who were based in California, *supra* I.A, its decision to treat this factor as neutral can be explained only by its improper mitigation of the inconvenience those California-based witnesses would face from a Texas trial.

Apple and Qualcomm demonstrated why both "common sense" points the district court relied upon are contrary to the transfer statute and binding precedent interpreting it. As to the first, RRA asserts that "[c]ourts are allowed to consider" whether an employer's campus in the remote forum mitigates inconvenience, Opp. 24, but cites no supporting authority. This Court has held otherwise, and RRA's suggestion is at odds with Fifth Circuit precedent explaining how the witness-convenience factor works. *See* Mot. 9-10; Pet. 21-22. RRA ignores most of the authority cited by Qualcomm and Apple, including this Court's

prior ruling that the district court's approach reflects clear error.  *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317-19 (Fed. Cir. 2021); Mot. 9.

RRA also continues to cite *In re Google LLC*, No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021), without addressing Apple's detailed showing that *Google* in fact rejected the district court's rationale.  *See* Mot. 9-10; *compare* Opp. 23, 27.  Instead, RRA (Opp. 28) cites a single case in which the district court mentioned this rationale and this Court denied mandamus.  *See In re Trend Micro Inc.*, No. 2022-133, 2022 WL 1485183 (Fed. Cir. May 11, 2022).  But that non-precedential mandamus opinion says nothing about the remote-work rationale, *id.* at *1, and could not have contradicted the precedential *Juniper Networks* decision, *see* Fed. Cir. R. 40(a)(4).[3]

---

[3] Apple's decision not to seek mandamus in a different case invoking this rationale does not suggest it is lawful.  RRA's unfounded theory about Apple's choice (Opp. 27-28) is no more persuasive than its speculation about Apple's reasons for seeking joinder by motion here (Opp. 60-61).  Regardless, RRA does not oppose joinder—a position it refused to provide in advance despite Apple confirming its motion would include substantive argument.  *Contra* Opp. 61-62.

Even if the district court were correct that remote working ability can mitigate the statutory inconvenience analysis, there was no record basis to find that the California-based witnesses in this case could perform their work from Austin.  Pet. 22; Mot. 8 n.1.  RRA (Opp. 29) cites its supposed venue "expert," who merely reiterated that Apple and Qualcomm have offices in Austin, without speaking to individual employees' work.  Appx1684-1685.  RRA also argues (without citation) that defendants had the burden to disprove the assumption that California-based employees can work from those Austin offices.  Opp. 24.  But binding precedent directs district courts to give weight to the location of a likely witness's "home" and "regular employment," without any further evidentiary showing by movants.  *In re TikTok, Inc.*, 85 F.4th 352, 361-62 (5th Cir. 2023).

Precedent also cautions against conflating a *proper* venue with a *convenient* one, as the district court did.  Mot. 11; Pet. 22-23; *see In re Apple Inc.*, 979 F.3d 1332, 1346 (Fed. Cir. 2020).  RRA's only response is to suggest that the district court might take a different approach if a defendant's office were "smaller."  Opp. 24, 29.  It is unclear why the size of the office matters to how much an employee is inconvenienced by

a 1500-mile trip to work out of an unfamiliar office.  Regardless, RRA's speculation that the district court might take a different approach in a different case does not solve the legal error in this case: resolving a § 1404(a) motion by looking to facts that matter only to whether venue is proper, not whether it is convenient.

RRA offers even less defense of the district court's second error—reading the words "convenience of … witnesses" out of § 1404(a) because any trial is inconvenient for the witnesses involved.  *See* Mot. 12-15; Pet. 23-24.  RRA says this reasoning reflects "reality."  Opp. 24.  But even if it is factually true that all trials involve some witness inconvenience—which is the most Apple "concede[d]," Opp. 28, *see* Mot. 13—it remains equally true that the transfer inquiry turns on the *relative* inconvenience of two possible forums.  Mot. 12-15.  RRA has zero response to this showing of a clear legal error in the district court's analysis.

## C. The district court's findings are clearly erroneous.

The district court's legal errors are reason enough to grant mandamus; but for those errors, the witness-convenience factor should have strongly favored transfer.  *See TikTok*, 85 F.4th at 361-62

(directing transfer due to "the immense inconvenience that the majority of relevant witnesses would face"). But the district court's analysis also rested on "clearly erroneous factual findings." *Volkswagen II*, 545 F.3d at 310; *see* Pet. 17-20, 24-26. RRA fails to show otherwise.

It was clearly erroneous to find any relevant witnesses in Texas. The district court (Appx10) disregarded sworn testimony explaining that RRA's "speculation is incorrect" and that the Qualcomm hardware team members in Austin "do not have any knowledge" of I-Q calibration in the accused products. Appx1212-1215; *see* Pet. 19, 24-25. Contrary to RRA's assertions, Opp. 15, defendants did not exclude hardware from their relevancy investigations, but simply showed why relevant hardware witnesses were in California, not Texas, Pet. 4, 6-7, 19-20.

Furthermore, the district court's unelaborated statement about "both venues" containing witnesses with "specialized knowledge" (Appx13) does not actually identify any such witnesses in Texas— because there are none. Pet. 17-18. RRA's mere insistence that there are "many" relevant Texas witnesses fails to show otherwise, relying instead on arguments the district court did not credit, including

11

mischaracterizations of LinkedIn descriptions.  Opp. 28-32 (citing Appx13).

On the California side, the district court recognized the "several" California-based witnesses with unique "specialized knowledge," including about the algorithms in the Qualcomm chip that form the heart of RRA's infringement contentions.  Appx13.  RRA faults Qualcomm for invoking this same terminology about "specialized" or "unique" knowledge.  Opp. 20-21.  But as the district court itself recognized in using that parlance, a witness with unique knowledge in one forum means that relevant information does not exist in the other forum.  Pet. 17-26; Appx13.  And RRA does not undermine the district court's finding that such unique knowledge exists in Northern California—or rebut the showing that the district court failed to credit additional relevant witnesses there.  Pet. 3-5, 18-19, 24-26; *see, e.g.*, Opp. 13 ("[a]ssuming [as] true" Qualcomm's showing at Pet. 18).  RRA faults Apple for not discussing specific Apple witnesses in its joinder motion, Opp. 26, but ignores that Apple endorsed Qualcomm's arguments on this issue, Mot. 2.  This is not a case, like RRA's cited authority, where a movant failed to provide sufficient evidence *before*

12

*the district court.  See In re Overhead Door Corp.*, No. 2022-100, 2021 WL 5816634, at *2 (Fed. Cir. Dec. 7, 2021).

The district court's stray remark about the "uncertainty" regarding which California-based witnesses are "likely to actually appear at trial," Appx13, has no apparent factual predicate in the order, or in the record, *see* Pet. 24-25.  Regardless, requiring defendants to do more than show witnesses with "relevant and material information" would be contrary to precedent.  *In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009).

With admittedly crucial witnesses in California and nothing remotely similar in Texas, this factor should have weighed strongly in favor of transfer.  *See TikTok*, 85 F.4th at 361-62; *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. 2023).

## II.    The District Court Clearly Abused Its Discretion In Assessing Sources of Proof.

RRA does not dispute (Opp. 43) that the district court credited third-party SAS documents of admittedly "small … relevance," Appx16, in weighing the sources-of-proof factor against transfer over Apple's and Qualcomm's showing of highly relevant evidence in California, Pet. 28-29; Mot. 15-16.  Because governing law looks to the "relative ease of

access to sources of proof," *Volkswagen II*, 545 F.3d at 316, the district court clearly erred in failing to find the factor in favor of transfer.

Unable to defend this error, RRA deviates from the district court's order through arguments unrooted in any legal precedent or record evidence. First, RRA mischaracterizes the record in asserting that "Petitioners failed to identify sources of proof in NDCA." Opp. 32. This flies in the face of the district court's findings, which credited defendants' sources of proof in California. Appx15-16. It also contradicts RRA's own assertion that Apple's testing and integration of Qualcomm chips occurs in the Northern District of California. Appx1141-1142. RRA now argues that Apple's "testing and integration" documents are irrelevant, Opp. 37, but this contradicts RRA's own infringement allegations, which the district court relied on in finding this work relevant to the transfer analysis, Appx25; *see* Appx3564; Appx54.

Second, RRA makes a number of assertions the district court did not adopt. RRA disparages defendants' declarations regarding the location of documents and servers, Opp. 33-38, but the district court properly rejected these credibility attacks, Appx26; *supra* 4. RRA also

14

argues that Qualcomm's servers in the Northern District of California that store relevant source code should be discounted because each is not a "primary server." Opp. 36. This invented heightened standard has no support in either the district court's order or precedent. And RRA invokes Apple's database for financial documents, Opp. 33, but the district court properly did not accord these documents any weight, Appx15-16.

Third, RRA speculates that Qualcomm's and Apple's relevant documents are accessible in Texas, Opp. 37, but the record refutes RRA's mischaracterizations. *See* Appx125 (averring that some materials related to calibration of I-Q imbalance for accused Qualcomm products are "stored locally" and "in hard copy" in California); Appx576-582 (Apple financial documents); Appx628-629. RRA does not show otherwise. RRA's reliance on defendants' Austin employees to suggest that relevant documents must exist in the forum, Opp. 33-35, is improper under this factor. *See TikTok*, 85 F.4th 359 n.6 (citing *In re Apple, Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020)) (this factor "looks only at ease of access to non-witness evidence"). Regardless, these

15

witnesses do not possess unique relevant knowledge, including because
Apple's 5G development work in Austin is not accused. *Supra* 4.

Next, RRA resorts to reweighing the relevance of SAS evidence,
which the district court found to be "small." Appx16. This Court should
not credit RRA's evidence in the first instance. The district court and
parties agree that SAS manufactures *wafers*, not accused transceivers,
Appx16; Opp. 39; Appx1451-1452, making SAS evidence irrelevant.[4]

RRA's "transfer expert" suggests that SAS possesses relevant
technical documents, Opp. 40, but sworn testimony rebuts this
speculation. *See* Appx4912-4917. Regardless, Qualcomm also is in
possession of such documents in the Northern District of California, and
RRA historically has relied upon those documents, not documents from
SAS or any other wafer manufacturer. Appx119; Appx125; Appx1218-
1219; *see In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *3 (Fed.
Cir. Jan. 19, 2022).

RRA argues that "SAS performs EVM [error vector magnitude]
tests on wafers," Opp. 40, relying on a webpage "white paper" with no

---

[4] Indeed, if RRA accused the wafers, they would be licensed under
Samsung's '313 patent license. Appx1155.

listed author or publication date (beyond a 2012 copyright notice), undated job postings, a 25-year old article, and conclusory expert testimony. Appx4131-4133; Appx4141-4148; Appx3915-3916. The speculations of a "transfer expert" concerning unaccused wafers do not support the district court's analysis.

Further, RRA suggests Qualcomm limited its investigation to only Qualcomm test sites and omitted SAS test sites. Opp. 41. That is incorrect. Appx1029-1033. SAS (identified as SECS2, or SMS2) is simply not a test site. Appx1037-1038. Rather, the only relevant US-based test sites are in California, and one is in the Northern District. Appx1029-1038 (identifying Qualcomm's San Jose, CA testing facility "QCTSJ"); Pet. 29.

Setting aside RRA's improper attempts to rewrite the district court's order, this factor favors transfer. The district court clearly erred by crediting documents of "small" relevance over Apple's and Qualcomm's showing of highly relevant evidence in California. *See Volkswagen II*, 545 F.3d at 316; *TikTok*, 85 F.4th at 359.

## III.  The District Court Clearly Abused Its Discretion In Weighing Compulsory Process Against Transfer.

The district court's unsupported categorical discounting of third-party witnesses (Appx18) is contrary to precedent.  *See Juniper Networks*, 14 F.4th at 1319 (noting this Court's repeated rejections of a "district court's categorical assumption that defendants are unlikely to call few if any of the … prior-art witnesses"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021); *In re Samsung Elecs. Co.*, 2 F.4th at 1371, 1379 (Fed. Cir. 2021) (same for third-party witnesses); Pet. 30; Mot. 17-18.  RRA's attempts to distinguish these cases (Opp. 49-52) are unavailing; categorical discounting of witnesses is impermissible regardless of what the category is (prior-art witnesses or something else) or how many individual witnesses are in that category.

RRA also fails to justify the district court's criticism of the two California-based prior-art inventors, Mohindra and Zhang, as "hand-picked."  Appx18; *see* Pet. 30-31.  Zhang is plainly relevant given RRA's decision to invoke his work in its pleadings.  Appx100-101.  And Mohindra invented prior art listed on the face of RRA's asserted patent, "heightening [his] potential relevance."  *Hulu*, 2021 WL 3278194, at *3.

18

At this stage, defendants need not commit to bringing either to trial. *See Genentech*, 566 F.3d at 1343-44. On the other side of the ledger, the district court's reliance on a SAS witness was improper, given SAS's irrelevance. *Supra* 16; Pet. 31. This factor should have favored transfer; at minimum, it was error to weigh this factor against transfer. *Juniper Networks*, 14 F.4th at 1322.

## IV. The District Court Clearly Erred In Treating Local Interest Neutral.

This factor should have favored transfer, as the district court initially recognized—in a finding RRA ignores. Appx24-25; *see* Pet. 32-33; Mot. 18-19. RRA asserts that defendants failed to identify employees in California, Opp. 53, but fails to rebut defendants' showing that the district court improperly discounted sworn declarations providing this information.

RRA also contradicts the district court, arguing that Apple's integration engineers are irrelevant because they "did not develop the Qualcomm 5G chips they integrate." Opp. 54. But RRA contends that these engineers' work is an infringing *use*. Appx3564; *see* Appx54. The district court recognized the local interest this allegation creates. Appx25.

In attempting to defend the district court's offsetting of that local

interest with supposedly relevant activity in Texas, RRA relies on the

same errors discussed above: invoking Apple's 5G chip, which is not

accused of infringement (*supra* 4), and citing Qualcomm's DSP and

RFIC engineers, who do not work with the accused technology (*supra* 5).

The conduct that RRA accuses of infringement took place

overwhelmingly in the Northern District of California.  The district

court was right to recognize that this factor leans "in favor of transfer,"

Appx24, and wrong to backtrack and deem it neutral, Appx25.  *See*

*Juniper Networks*, 14 F.4th at 1319-20.

## V.    RRA's Invocation of Court Congestion Is Meritless.

The district court properly found the court-congestion factor

neutral.  Appx22; Pet. 11.  RRA, at the district court's invitation,

challenges this finding, arguing that this Court's precedent conflicts

with that of the Fifth Circuit.  Opp. 55-57; *see* Appx22.  The procedural

propriety of raising what is essentially an alternative ground for

affirmance on mandamus review is unclear.  Regardless, RRA identifies

no conflict.  The Fifth Circuit cases it cites, unlike this Court's cases,

had no occasion to consider how the urgency of relief affects the

analysis—for non-competing patent litigants or anyone else. And the Fifth Circuit, like this Court, has underscored the "speculative" nature of assessing court congestion. *See In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024). In all events, it is unusual for RRA to rely on a 23-month time-to-trial statistic (Appx1768) in a case where the district court took 34 months to resolve transfer (Mot. 3).

## VI. RRA's Declarations Are Not Record Evidence.

Independently of the specific problems addressed above, RRA's (and the district court's) reliance on transfer "experts" was procedurally flawed. Pet. 2; Mot. 6-7. Mandamus review considers whether the district court's ruling is "rooted in record evidence." *TikTok*, 85 F.4th at 360. A purported "expert" opinion is properly admitted into the record only if it meets the requirements of Federal Rule of Evidence 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999). Defendants demonstrated that RRA's expert opinions do not satisfy Rule 702. Appx1126-1132. Neither the district court's order nor RRA's opposition even attempts to show otherwise. RRA discusses only "credibility," which is not the standard. Opp. 58. Whatever role proper

expert testimony might serve in future transfer decisions, the opinions

RRA submitted in this case should not be considered.

## CONCLUSION

The Court should grant Apple's motion and Qualcomm's petition.

Respectfully submitted,

*/s/Michael Hawes*       *

Michael Hawes
BAKER BOTTS L.L.P.
910 Louisiana St
Houston, TX 77002
(713) 229-1234

Douglas Kubehl
Nolan McQueen
BAKER BOTTS L.L.P.
2001 Ross Ave., Suite 900
Dallas, TX 75201

*Counsel for Petitioner
Qualcomm Incorporated*

Respectfully submitted,

*/s/Melanie L. Bostwick*

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 339-8400

Mark Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, California 94306

*Counsel for Movant Apple Inc.*

*Counsel consents to the use of their electronic signature herein

April 14, 2025

# CERTIFICATE OF COMPLIANCE

The reply complies with the type-volume limitation of Fed. Cir. R. 21(b) because this reply contains 3900 words.

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Apple Inc.*